## Commonwealth v. Atkin

*Samuel F. Bonavita, District Attorney,* for Commonwealth.

*David W. Swanson,* for defendant.

WOLFE, *P. J.,* October 7, 1974—On August 9, 1974, we entered an order denying the Commonwealth's petition to place defendant under accelerated rehabilitative disposition as provided by Pa. R. Crim. P. 175 and following appeal by defendant we now enter our reasons for this disposition.

Defendant was arrested on April 12, 1974, charged with a violation of The Pennsylvania Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1027, section 1027, subsections (a) and (b), which impose a duty to stop in the event of accident.

Subsequent to the application we directed a preliminary investigation of any past record of defendant and none was indicated for violation of the Vehicle Code. An informal conference was held in chambers on the application with the District Attorney present as well as defense counsel and this court expressed its view it was not disposed and had not in the past granted such petitions for violation of the Vehicle Code. It is petitioner's position that this court's denial of application of accelerated rehabilitative disposition program to all offenders cited for violation of the Vehicle Code is contrary to the intent of the program and a denial of the equal protection of the law.

It is for the appellate court to determine if this is a denial of petitioner's right to equal protection of the law. We only state here we are not disposed to exercise our discretion as we interpret it under Rule 179(c) of Pennsylvania Rules of Criminal Procedure providing:

"After hearing the facts of the case, if the judge believes that it warrants accelerated rehabilitative disposition, he shall order the stenographer to reopen the record and he shall state to the parties the conditions of the program."

After notice of the appeal the court held an evidentiary hearing so the appellate court would have in its possession the particular facts of this case and in this regard the preliminary investigation was made part of the record by stipulation of the Commonwealth and defense counsel.

Defendant does not deny he left the scene of an accident in which he was involved without identifying himself and in which there were serious injuries incurred by the occupants of the other vehicle.

The commentary to the rules of rehabilitative disposition recites the purpose of the program is to:

"eliminate the need for lengthy motions, trials and other court proceedings, in cases which are relatively minor or which involve social or behavioral problems which can best be solved by programs and treatments rather than by punishment. In many cases, legal defenses may be available which would result in acquittal or delay in disposition of the charges. When immediate treatment is needed, however, defendant and counsel may be willing to have defendant undergo such treatment without an adjudication of guilt."

The comments further inform us the practice in larger metropolitan areas such as Philadelphia County has been to include those persons who are charged with minor property crimes and small scale narcotic offenses but to exclude from the program all crimes of violence.

Our interpretation of these rules is it provides an avenue for the Commonwealth and the judicial system to afford a program of treatment for those who have committed victimless crimes and who need either a structured environment as part of their probation or to attend public health programs to overcome a personal weakness and habit in which they have fallen due to the pressures of the social structure and their inability to cope with the problems of daily life. The entire program seems to us and as the comments indicate to be that of treat-

ment rather than of punishment. This court has many times granted petitions for accelerated rehabilitative disposition filed by the Commonwealth as well as defendant. It is not our view that these rules are helpful, nor indeed, were they intended to apply to the motor vehicle case although we acknowledge there would be and there are no restrictions in the Rules that would prevent the court from granting such petitions as is done in larger counties with a heavy docket.

We are aware that the larger counties frequently use this procedure to reduce the caseload but we suspect this is a matter of necessity forced upon the courts by the sheer lack of time and personnel to dispose of more serious cases. This court, although extremely busy, does not have such a caseload that it feels it must use the program for motor vehicle violations and we are prepared to process these cases as they reach us in due course.

Our other view to this particular case is even if we were disposed to place motor vehicle violations in the program we would not exercise our discretion to do so in this particular case.

Notwithstanding defendant has no prior traffic violations we cannot accept the reason or logic in counsel's argument that a first traffic offender should be placed in the program. It seems to us this argument reasons all operators of motor vehicles are entitled to one violation of the Vehicle Code irrespective of the section violated. The logic of this argument escapes us, when we consider the millions of automobiles on our highways and the traffic deaths exceeding 50,000 persons per year.

In defendant's case we can see no advantage to him if he were placed in such a program. Defendant has not told us he has any personal, social or be-

havioral problems which he is experiencing difficulty in controlling and in which the program or any treatment would be beneficial to him; rather, his argument to us is one of financial stress if he is convicted of a misdemeanor.

For these reasons we conclude we have not abused our discretion in generally not placing applicants in the program who are charged with violation of the Vehicle Code and in defendant's case if we are incorrect in our general position we are of the opinion we have not violated our discretion in this particular and therefore enter the following

## ORDER

And now, October 7, 1974, the application of the Commonwealth to place defendant under accelerated rehabilitative disposition is denied.